UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | CHAPTER 11 |
| | CASE NO. 06-13020-JNF |
| 655 CORPORATION, | |
| Debtor. | |
| MARK G. DEGIACOMO, CHAPTER 11 | ADVERSARY PROCEEDING |
| TRUSTEE OF THE ESTATE OF | NO. 08-01275 |
| 655 CORPORATION, | |
| Plaintiff | |
| v. | |
| LBM FINANCIAL, LLC, | |
| Defendant. | |
| v. | |
| CATHAY BANK, | |
| Reach and Apply Defendant | |

**STIPULATED ORDER ALLOWING MOTION TO APPROVE STIPULATION
BETWEEN MARK G. DEGIACOMO CHAPTER 11 TRUSTEE
AND LBM FINANCIAL LLC**

At Boston in said district this _1st_ day of ~~May~~ *June*, 2009, the Chapter 11 Trustee's Motion to Approve Stipulation Between Mark G. DeGiacomo Chapter 11 Trustee and LBM Financial LLC (the "Motion") and the Limited Opposition of Cathay Bank having been brought before me, due notice having been given, no other responses or objections having been filed, the Trustee, LBM Financial LLC ("LBM") and Cathay Bank ("Cathay") having agreed and good cause appearing to me therefore, it is hereby ORDERED that:

    a.  the Motion is hereby granted;

    b.  the Stipulation Between Mark G. DeGiacomo Chapter 11 Trustee and LBM Financial LLC ("Stipulation") is hereby approved subject to the provisions of this Order;

    c.  Given the fact that the Trustee is holding the net sale proceeds from the recent sales of Units 108 and 109 and Parking Space 44 (the "Recent Sale Proceeds"), Cathay's obligations pursuant to Paragraph 4(a) and (b) of the Stipulation shall be satisfied by the Trustee retaining from the Recent Sale Proceeds an amount equal to 100% of the

Escrowed Funds[1] plus 40% of the 2009 Escrowed Funds and paying to LBM from the Recent Sale Proceeds an amount equal to 60% of the 2009 Escrowed Funds[2];

d. After deducting all of the amounts referenced in the above paragraph (c), the remaining amount of the Recent Sale Proceeds will be turned over to Cathay and Cathay's claim against the Debtor and the estate will be reduced by an amount equal to 100% of the Recent Sale Proceeds; and

e. Notwithstanding approval of the Stipulation and this Order, or the release by Cathay of any portion of the Recent Sale Proceeds, nothing herein shall be deemed to constitute a waiver or other relinquishment of rights and obligations of Cathay and LBM under the Subordination Agreement and/or Disbursement Agreement, or shall be deemed to alter any party's rights as to each other under those agreements. In addition, nothing herein is intended to, nor shall be construed as, a determination of the rights or obligations of either Cathay or LBM under the Subordination Agreement.

## STIPULATED AND AGREED TO:

Mark G. DeGiacomo, Chapter 11 Trustee of 655 Corporation,

By his attorney,

/s/ Thomas S. Vangel
Thomas S. Vangel (BBO #552386)
Murtha Cullina LLP
99 High Street
Boston, MA 02110
(617) 457-4000

LBM Financial, LLC

By its attorney,

/s/ Jeffrey D. Ganz
Jeffrey D. Ganz (BBO #564375)
Riemer & Braunstein LLP
Three Center Plaza
Boston, MA 02108
(617) 880-3568

Cathay Bank

By its attorneys,

/s/ John J. Monaghan
John J. Monaghan (BBO #546654)
Diane N. Rallis (BBO#652203)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116

---

[1] Capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

[2] In addition, pursuant to Paragraph 7 of the Stipulation, 20% of the Recent Sale Proceeds will be distributed as follows: 60% to LBM and 40% to the bankruptcy estate.

403897v1

ENTERED AS AN ORDER OF THE COURT THIS _1st_ DAY OF _June_____, 2009

_Joan N. Feeney_

HONORABLE JOAN N. FEENEY
UNITED STATES BANKRUPTCY COURT

403897v1